AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.
ONAS RICHMOND-BARR,
and,
DENNY RICHARD HIELD,

*Defendant(s)*

Case No. 20-8338-BER

FILED BY ___TM___ D.C.

Oct 10, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 9, 2020 in the county of Palm Beach in the Southern District of Florida, and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC §§ 1324(a)(1)(A)(i), 1326(a)(1)(A)(v)(I) & 1324(a)(1)(B)(i) | Conspiracy to Commit Alien Smuggling for Profit |
| 8 USC §§ 1324(a)(1)(A)(i), 1326(a)(1)(A)(v)(II) & 1324(a)(1)(B)(i) | Attempted Alien Smuggling for Profit |
| 8 USC §§ 1326(a), 1326(b)(2) | Attempted Re-Entry after Deportation (Aggravated Felon) |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Steven Quattrocchi, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/10/2020

City and state: West Palm Beach, Florida

*Judge's signature*

Bruce Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Steven Quattrocchi, having been duly sworn, depose and state as follows:

1. I am employed as a Special Agent with the United States Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since July 2009. I am currently assigned to the HSI West Palm Beach office in the Marine Border Enforcement Security Task Force (BEST) Group, where I am responsible for the enforcement of and investigating violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed by the Federal Bureau of Investigation (FBI) as an Intelligence Analyst from March 2005 through July 2009 and by the Orange County Sheriff's Office as a Deputy Sheriff from February 2002 through March 2005. I have completed the Criminal Investigator Training Program and the ICE Special Agent Training Program at the Federal Law Enforcement Training Center in addition to the FBI Intelligence Analyst Training Program and the Florida Basic Recruit Law Enforcement Training Program.

2. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause that Onas RICHMOND-BARR (hereinafter "RICHMOND") and Denny Richard HIELD (hereinafter "HIELD"), did: (a) knowingly and willfully conspire, confederate, and agree with each other and others to attempt to bring to the United States aliens in any manner whatsoever, at a place other than a designated port of entry or place other than as designated by the Commissioner, and regardless of any official action which may later be taken with respect to such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1326(a)(1)(A)(v)(I); (b) attempt, or did aid and abet an attempt, to bring to the United States aliens in any manner whatsoever, at a place other than a designated port of entry or place other than as designated by

the Commissioner, and regardless of any official action which may later be taken with respect to such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1326(a)(1)(A)(v)(II); (c) bring to, or attempt to bring to, the United States aliens by any manner whatsoever, knowing and in reckless disregard of the fact that said alien(s) had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which may later be taken with respect to such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2: and, (d) both defendants having been previously been removed from the United States for aggravated felonies, did enter, and attempt to enter, the United States, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(2).

3. I submit this Affidavit based on information known to me personally from the investigation, as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein. It does not contain all the facts known to me or other law enforcement officers regarding this investigation.

4. On or about the morning of October 9, 2020, while on routine patrol 13 nautical miles (NM) west of Freeport, Bahamas, the United States Coast Guard (USCG) Cutter *Richard Ethridge* witnessed a vessel on the radar heading on a westbound course toward the United States traveling at approximately 20 knots. At this time, the subject vessel (hereinafter "VESSEL") was 35 NM east of the territorial waters of the United States. A USCG law enforcement boarding team

2

(hereinafter "law enforcement") was launched and intercepted the VESSEL approximately nine nautical miles east of West Palm Beach, Palm Beach County, Southern District of Florida, and well within the 12 nautical mile limit of the territorial sea of the United States. At the time of interdiction, the VESSEL was on a westbound course toward Palm Beach County, Florida and was operating without navigation lights. Law enforcement initially observed approximately 16 persons on the deck of the VESSEL, including a woman with a small child. Law enforcement was further able to observe a person later positively identified as RICHMOND operating the VESSEL.

5. Upon approaching the VESSEL, law enforcement observed RICHMOND, a black male wearing a blue long sleeve shirt, dark blue under shirt, dark colored shorts, and sandals at the steering wheel of the VESSEL. The other passengers on the VESSEL appeared to be wearing normal "street" type clothes which is not typical for boating and carrying small bags or large black garbage type plastic bags according to USCG reports.

6. In view of the aforementioned observations, law enforcement approached and boarded the lightless VESSEL to conduct a safety and immigration inspection. Upon doing so, a USCG Boarding Officer was told by RICHOND, that the VESSEL was in route to the United States and that RICHMOND was bringing people from Freeport, Bahamas for a "better life". According to USCG BM1 Anton Lesovsky, when he asked RICHMOND where he was coming from RICHMOND responded that he was coming from Freeport, Bahamas, and heading to America for a better life and the world is free to everyone.

7. Law enforcement located the hull registration number of the VESSEL, GB.01874, which was a Bahamian vessel registration. The registration of the VESSEL did not return to RICHMOND or HIELD.

8. Law enforcement confirmed that a total of twenty-five individuals were on board the VESSEL and transferred all individuals to the USCG Cutter *Richard Ethridge*. The twenty-

five persons on board included: suspected alien smugglers "RICHMOND" and "HIELD", who are from the Bahamas. and twenty-three (23) individuals from Haiti. Included in the twenty-three individuals from Haiti were one accompanied minor child (age 3), two unaccompanied minor children (age 17), and a pregnant female.

9. At the time of interdiction, approximately seven thousand dollars in Bahamian currency was found on RICHMOND's person.

10. Record checks revealed that all twenty-five individuals, including RICHMOND and HIELD, were aliens who did not have legal status in the United States, nor permission to legally enter the United States on or about October 9, 2020.

11. On or about October 10, 2020, RICHMOND was landed at Palm Beach County, Southern District of Florida, and advised of his *Miranda* warnings, which he waived both orally and in writing and agreed to speak with law enforcement. Among other things, RICHMOND, who spoke fluent English, stated he departed Bahamas at approximately 9:00 p.m. on October 8, 2020, with the intended destination of Jensen Beach, Florida. RICHMOND explained he was approached by HIELD and was offered $10,000 USD to captain a vessel with him to the United States. Prior to departing from the Bahamas, RICHMOND stated he and HIELD picked up approximately 16 people near Port Lucayan and Xanadu Beach before traveling on a westward course heading of 330 degrees toward the United States. RICHMOND stated he knew the group of people on his boat did not have legal permission to enter the United States on October 8, 2020 and that they were operating without navigation lights to avoid law enforcement detection. During the interview, RICHMOND explained he knew what he was doing, and had taught HIELD how to smuggle aliens. RICHMOND stated he and HIELD had worked together smuggling aliens previously.

12. RICHMOND stated he did not have permission to enter the United States on October 8, 2020. Law enforcement records, including AFIS fingerprint comparison, show RICHMOND was previously removed from the United States on February 9, 2009, following a prior conviction for Knowingly aiding and assisting an alien who has been convicted of an aggravated felony to enter the United States, in violation of Title 8, United States Code, Section 1327, on April 27, 2005 (amended judgment issued May 23, 2005), in the United States District Court for the Southern District of Florida, under the name "Onas Richmond Barr."

13. On or about October 10, 2020, HIELD was similarly landed at Palm Beach County, Southern District of Florida, and advised of his *Miranda* warnings, which he waived both orally and in writing and agreed to speak with law enforcement. Among other things, HIELD stated that an individual known to him as "STAN" approached him at him home in the Bahamas, and offered him ten thousand dollars to operate a vessel and transport people to the United States. HIELD stated that he agreed to accept STAN's offer, and explained that he knew the group of people on his boat did not have legal permission to enter the United States on October 10, 2020.

14. HIELD explained that after STAN initially approached him, he then approached RICHMOND to help captain the vessel to the United States. HIELD stated that he offered to pay RICHOMOND ten thousand dollars to captain the VESSEL to the United States. During the interview, HIELD stated the RICHMOND captained the vessel from Freeport to the United States. HIELD explained it was their intention to drop off the people on the beach in West Palm Beach at which point HIELD would captain the VESSEL back to the Bahamas with RICHMOND. HIELD stated that he knows RICHMOND as William Barr, but that he has been using the name Onas RICHMOND.

15. HIELD stated he did not have permission to enter the United States on October 8, 2020. Law enforcement records, including AFIS fingerprint comparison, show HIELD was

5

previously removed from the United States on October 2, 2018, following a prior conviction for conspiracy to encourage and induce aliens to enter the United States, in violation of Title 8, United States Code, Section 1324(a()1)(A)(v)(I) on July 1, 2015, in the United States District Court for the Southern District of Florida, under the name Denny Richard Hield.

16. RICHMOND and Denny Hield were brought to shore in Palm Beach County, Florida.

WHEREFORE, on the basis of the foregoing, I respectfully submit probable cause exists to charge Onas RICHMOND-BARR and Denny HIELD with having: (a) knowingly and willfully conspired, confederated, and agreed with each other and others to attempt to bring to the United States aliens in any manner whatsoever, at a place other than a designated port of entry or place other than as designated by the Commissioner, and regardless of any official action which may later be taken with respect to such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1326(a)(1)(A)(v)(I); (b) attempting, or aiding and abetting, bringing to the United States aliens in any manner whatsoever, at a place other than a designated port of entry or place other than as designated by the Commissioner, and regardless of any official action which may later be taken with respect to such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1326(a)(1)(A)(v)(II); (c) bringing to, or attempting to bring to, the United States aliens by any manner whatsoever, knowing and in reckless disregard of the fact that said alien(s) had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which may later be taken with respect to such alien, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

United States Code, Section 2: and, (d) attempted re-entry into the United States by an aggravated felon, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(2).

FURTHER YOUR 2AFFIANT SAYETH NAUGHT

_____
Steven Quattrocchi, Special Agent
Homeland Security Investigations

ATTESTED TO ME TELEPHONICALLY
(FACETIME) BY THE APPLICANT IN
ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS 10th DAY OF
OCTOBER, 2020.

_____
HON. BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: DENNY RICHARD HIELD

    PRETRIAL DETENTION is recommended

    ~~(Personal Surety) (Corporate Surety) (Cash)~~ (Pre-Trial Detention)

By: _____
AUSA: JOHN C. McMILLAN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):    SA Steven Quattrocchi HSI
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

BOND RECOMMENDATION

DEFENDANT: ONAS RICHMOND-BARR

PRETRIAL DETENTION is recommended

~~(Personal Surety) (Corporate Surety) (Cash)~~ (Pre-Trial Detention)

By: _____
AUSA:   JOHN C. McMILLAN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   SA Steven Quattrocchi HSI
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __ONAS RICHMOND-BARR and DENNY RICHARD HIELD__

Case No.: _____

**Counts # 1-2**

Conspiracy to Commit Alien Smuggling for Profit, Attempted Alien Smuggling for Profit, and Aiding and Abetting Attempted Alien Smuggling for Profit
Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1326(a)(1)(A)(v)(I) & 1324(a)(1)(B)(i)

**Max. Penalty:** 0-10 year maximum year term of imprisonment; a $250,000 fine; maximum three (3) year term of supervised release: and, a $100.00 special assessment; Immigration consequence of removal (deportation) from the United States upon conviction.

**Counts # 3**
Attempted Re-Entry after Deportation (Aggravated Felony)
Title 8, United States Code, Sections 1326(a) and 1326(b)(2)

**Max. Penalty:** 0-20 year maximum term of imprisonment; a $250,000 fine; maximum three (3) year term of supervised release: and, a $100.00 special assessment; Immigration consequence of removal (deportation) from the United States upon conviction.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-8338-BER

UNITED STATES OF AMERICA

v.

ONAS RICHMOND-BARR, et al.

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5500228
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    561-820-8711
Fax:    561-820-8777
Email:  john.mcmillan@usdoj.gov